UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| **Joseph Washington,** | **Court File No.** |
| Plaintiff, | |
| vs. | **COMPLAINT WITH JURY DEMAND** |
| **City of St. Paul; and Officers Anthony Dean and Colleen Rooney, in their individual and official capacities,** | |
| Defendants. | |

## INTRODUCTION

1. This is an action for money damages brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth Amendment to the United States Constitution as well as Minnesota state law against the City of St. Paul and Officers Anthony Dean and Colleen Rooney, in their individual and official capacities.

## JURISDICTION

2. Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343, and on the pendent jurisdiction of this Court to entertain claims arising under state law pursuant to 28 U.S.C. § 1367.

## VENUE

3. This Court is the proper venue for this proceeding under 28 U.S.C. § 1391, as the material events and occurrences giving rise to Plaintiff's cause of action occurred within the State of Minnesota.

1

## PARTIES

4. Plaintiff Joseph Washington was at all material times a resident of the State of Minnesota and of full age.

5. The City of St. Paul, Minnesota, is a municipal corporation and the public employer of Defendant Officers Dean and Rooney.

6. Defendant Officers Dean and Rooney were at all times relevant to this complaint duly appointed and acting officers of the police department of the City of St. Paul, acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of Minnesota and/or the City of St. Paul.

## FACTS

7. On November 29, 2020, a group of St. Paul Police officers, including Defendant Officers Dean and Rooney, received information indicating that Mr. Washington was a crime suspect and attempted to locate him to make an arrest.

8. Eventually, the officers were able to locate Mr. Washington hiding in a garbage dumpster. The officers gave Mr. Washington commands to exit the dumpster and surrender to the police.

9. Mr. Washington responded by exiting the dumpster to surrender himself to law enforcement. St. Paul Police officers, including Defendant Officers Dean and Rooney, observed Mr. Washington exit the dumpster in response to commands by law enforcement. Mr. Washington was naked, unarmed, and attempting to surrender to law enforcement.

10. Despite the fact that Mr. Washington was naked, unarmed, surrendering to the police, and did not pose any significant threat to law enforcement, Defendant Officer Rooney deployed her

K-9 to apprehend Mr. Washington without justification and, upon information and belief, without a proper warning. Officer Rooney's K-9 apprehended Mr. Washington by biting him and caused serious physical injuries. Defendant Officer Rooney's deployment of her K-9 to apprehend Mr. Washington constitutes unnecessary and excessive use of force.

11. Despite the fact that Mr. Washington was naked, unarmed, surrendering to the police, not posing any significant threat to law enforcement, and already apprehended and seized by Officer Rooney's K-9, Defendant Officer Dean aimed and fired his service handgun at Mr. Washington without justification, striking and wounding Mr. Washington and causing serious physical injuries. Defendant Officer Dean's actions constitute unnecessary and excessive use of deadly force.

12. As a result of Defendant Officers' unnecessary and excessive use of force, Mr. Washington suffered physical pain and trauma; emotional trauma, anguish, and distress; permanent physical injuries; diminished quality and enjoyment of life; and medical expenses.

## CLAIMS FOR RELIEF

### COUNT 1: 42 U.S.C. § 1983 – FOURTH AMENDMENT UNREASONABLE SEIZURE AND EXCESSIVE FORCE AGAINST OFFICERS DEAN AND ROONEY

13. Paragraphs 1 through 12 are incorporated herein by reference as though fully set forth.

14. Based on the above factual allegations, Defendant Officers Dean and Rooney, through their actions, acting under the color of state law, violated Plaintiff's constitutional right to remain free from unreasonable seizures and use of excessive force under the Fourth Amendment to the United States Constitution when they released a K-9 to apprehend Mr. Washington without a proper warning and fired a handgun at him without justification.

15. Officer Dean's conduct, as described above, constitutes unjustified use of deadly force.

16. As a result of these constitutional violations, Plaintiff suffered damages as aforesaid.

**COUNT 2: BATTERY AGAINST ALL DEFENDANTS UNDER MINNESOTA STATE LAW**

17. Paragraphs 1 through 12 are incorporated herein by reference as though fully set forth.

18. Based on the above factual allegations, the Defendants battered Plaintiff. Specifically, Defendants engaged in intentional, offensive, and unpermitted contact with Plaintiff when they released a K-9 to apprehend Mr. Washington without a proper warning and fired a handgun at him without justification.

19. Defendant City of St. Paul is vicariously liable to Plaintiff for the Defendant Officers' battery.

20. As a direct and proximate result of this battery, Plaintiff suffered damages as aforesaid.

**COUNT 3: NEGLIGENCE AGAINST ALL DEFENDANTS UNDER MINNESOTA STATE LAW**

21. Paragraphs 1 through 12 are incorporated herein by reference as though fully set forth.

22. Based on the above factual allegations, Defendant Officers Dean and Rooney owed Plaintiff a duty and standard of care to refrain from use of excessive force, to announce a proper warning prior to releasing the K-9, and to refrain from unjustified use of deadly force. The Defendant Officers breached this duty and standard of care when they released a K-9 to apprehend Mr. Washington without a proper warning and fired a handgun at him without justification.

23. Upon information and belief, the Defendant Officers' conduct violated the St. Paul Police Department Policies and Procedures.

24. Defendant City of St. Paul is vicariously liable to Plaintiff for the Defendant Officers' negligence.

25. As a direct and proximate result of this negligence, Plaintiff suffered damages as aforesaid.

### COUNT 4: MINN. STAT. § 347.22 – STRICT LIABILITY AGAINST DEFENDANTS OFFICER ROONEY AND CITY OF ST. PAUL UNDER MINNESOTA STATE LAW

26. Paragraphs 1 through 12 are incorporated herein by reference as though fully set forth.

27. Based on the above factual allegations, Defendant Officer Rooney's K-9 apprehended and injured Plaintiff without provocation while Plaintiff was acting peaceably in a place where he had a legal right to be.

28. Pursuant to section 347.22, Defendants are strictly liable to Plaintiff for all injuries and damages sustained by Plaintiff as a result of the bites inflicted by Officer Rooney's K-9.

### RELIEF REQUESTED

**WHEREFORE, Plaintiff requests that this Court grant the following relief:**

a. Issue an order granting Plaintiff judgment against Defendants on all claims set forth above;

b. Award of compensatory damages to Plaintiff against all Defendants, jointly and severally;

c. Award of punitive damages to Plaintiff against all Defendants, jointly and severally;

d. Award of reasonable attorney's fees and costs to Plaintiff pursuant to 42 U.S.C. § 1988;

e. Award of such other and further relief as this Court may deem appropriate.

**THE PLAINTIFF HEREBY DEMANDS A JURY TRIAL.**

THE LAW OFFICE OF ZORISLAV R. LEYDERMAN

Dated: November 14 , 2022          By: s/ Zorislav R. Leyderman
ZORISLAV R. LEYDERMAN
Attorney License No. 0391286
Attorney for Plaintiff
The Law Office of Zorislav R. Leyderman
222 South 9th Street, Suite 1600
Minneapolis, MN 55402
Tel: (612) 876-6626
Email: zrl@ZRLlaw.com